# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS, | CV F 04 5673 OWW SMS P |
| Plaintiff, | |
| v. | ORDER REMANDING ACTION TO KINGS COUNTY SUPERIOR COURT (Doc. 27.) |
| GUERRERO, et. al., | ORDER DIRECTING CLERK OF COURT TO SERVE ORDER ON STATE COURT AND PARTIES |
| Defendants. | |

This is a civil action filed by Plaintiff Alvin R. Ross ("Plaintiff"), a state prisoner proceeding in pro per. The action was removed from the Kings County Superior Court to this Court by Defendant Guerrero ("Defendant") on May 11, 2004.

On April 14, 2005, Defendant filed a Motion for Summary Judgment. (Doc. 27.) Plaintiff filed an Opposition to the Motion on June 8, 2005. (Doc. 33.) On June 13, 2005, Defendant filed a Reply to the Opposition. (Doc. 39.)

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall

1

1  have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of
2  the United States." 28 U.S.C. § 1331. Because of the "Congressional purpose to restrict the
3  jurisdiction of the federal courts on removal," the removal statute is strictly construed against
4  removal.[1] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872
5  (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be
6  rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at
7  1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether
8  federal jurisdiction exists, even if no objection is made to removal, and even if both parties
9  stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir.
10 1996) (*citations omitted*).

In the Notice of Removal, Defendant states that this is a civil action for "Defendant's alleged use of excessive force against Plaintiff which was an unnecessary infliction of pain violating Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment." (Court Doc. 1.) However, Defendants' characterization of the allegations in the Complaint as constitutional claims arising under Section 1983 is not supported by a review of the Complaint. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979) (existence of federal jurisdiction determined by the complaint at the time of removal).

A review of the form Complaint submitted to the State Court by Plaintiff clearly indicates that Plaintiff is suing Defendant Guerrero in his "individual capacity" and for the tort of Negligence. (Court Doc. 1.) Further, Plaintiff's brief, attached to the Complaint, lists explicitly that Defendant had a duty, breached that duty, causation and damages. Id. Finally, the Complaint not only fails to make any indication that Plaintiff is seeking relief for violation of his *federal* rights, the Complaint cites only to state law in support of his claims.

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v.

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

1  Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes
2  the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive
3  reliance on state law."  Id.
4    Plaintiff, who is no stranger to this court,[2] could have brought this action in this Court
5  pursuant to 42 U.S.C. § 1983 by alleging that Defendant violated his rights under the United
6  States Constitution, however, he did not do so.  Plaintiff's decision to file suit in state court
7  utilizing a state civil complaint form alleging state law claims demonstrates that Plaintiff
8  exercised his right to rely exclusively on state law.  Caterpillar, Inc., 482 U.S. at 392.
9    Accordingly, the Court finds that it lacks subject matter jurisdiction over this action and
10 will RECOMMEND to the District Court that the case be remanded to Kings County Superior
11 Court.
12   Accordingly, the Court HEREBY ORDERS:
13   1. This action is REMANDED to the Kings County Superior Court; and
14   2. The Clerk of Court is DIRECTED to SERVE a copy of this Order on the Kings
15    County Superior Court and to serve the parties in the customary manner.
16 IT IS SO ORDERED.
17 **Dated: September 2, 2005**   /s/ Lawrence J. O'Neill
 b9ed48     UNITED STATES MAGISTRATE JUDGE

---

[2] Ross v. Arnelle, et. al., 98-cv-05303-REC-HGB; Ross v. McCoy, et. al., 99-cv-06324-REC-LJO; Ross v. Busby, et. al, 03-cv-06572-LJO; Ross v. Olivarez, 99-cv-02113-MCE-JFM.