UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN RONNEL ROSS, | CV F   04 5673 OWW SMS P |
| Plaintiff, | |
| v. | ORDER DISREGARDING MOTIONS FILED FOLLOWING REMAND OF CASE TO STATE COURT (Docs. 38, 40.) |
| GUERRERO, | |
| Defendant. | |

Alvin Ronnel Ross ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 2, 2005, this Court remanded the case back to the State Court after having determined that the Complaint did not allege federal claims for relief. (Doc. 37.) The Case was terminated at that time.

On September 13, 2005, Defendants filed Objections to the Order,[1] or in the alternative, requested reconsideration by the District Court. On February 2, 2006, Plaintiff filed a Motion moving the Court for an Order on the pending matter.

**A. Authority of Magistrate Judge to Remand Case**

Pursuant to 28 U.S.C. 636(b)(1), the District Court may designate a magistrate judge to

---

[1] The Order mistakenly indicated that the Court was issuing Findings and Recommendations to remand the case.

1

1 hear and determine any pretrial matter pending before the Court *except*:

2 > a motion for injunctive relief, for judgment on the pleadings, for summary
> judgment, to dismiss or quash an indictment or information made by the
3 > defendant, to suppress evidence in a criminal case, to dismiss or permit
> maintenance of a class action, to dismiss for failure to state a claim upon which
4 > relief can be granted, and to involuntarily dismiss action.

5 28 U.S.C. § 636(b)(1). As is evidenced by the rule, an Order of Remand is not delineated as an

6 issue over which the Magistrate Judge has no authority. In addition, as noted by Defendants, 28

7 U.S.C. § 1441(c) provides:

8 > Whenever a separate and independent claim or cause of action within the
> jurisdiction conferred by section 1331 of this title is joined with one or more
9 > otherwise non-removable claims or causes of action, the entire case may be
> removed and the district court may determine all issues therein, *or in its*
10 > *discretion*, may remand all matters in which the state law predominates.

11 28 U.S.C. § 1441(c) (emphasis added.) Accordingly, contrary to Defendant's assertion, the

12 ability to remand a case is clearly within the purview of a magistrate judge's authority.

13 **B. Motion for Reconsideration**

14 Defendants have indicated in its Objections that it wishes the District Court to review the

15 Magistrate Judge's action in ordering the case remanded to the state court. As a preliminary

16 matter and upon review of Defendant's objections, the Court finds that its Order to remand

17 mistakenly indicated that the Court was making a Recommendation to the District Court

18 regarding remand. However, the Order is clear that the Magistrate Judge, pursuant to its

19 authority, was issuing an Order remanding the action to the state court. In any event, the District

20 Court is without the ability to reconsider an Order of Remand.

21 It is well-settled in the Ninth Circuit that once a case has been remanded, the district court

22 is divested of jurisdiction and may take no further action in the case. See <u>Seedman v. United

23 States Dist. Court</u>, m, 414 (9th Cir. 1988) (*per curiam*) (*citations omitted*). Under the removal

24 statute, and subject to exceptions that are not relevant here, an order remanding an action "is not

25 review able on appeal or otherwise." 28 U.S.C. § 1447(d). The "or otherwise" language applies

26 equally to the court that issued that remand order as to any appellate court. Thus, an order of

27 remand "returns the case to the state courts and the federal court has no power to retrieve it."

28 <u>Seedman</u>, 837 F.2d at 414 (*citation omitted*). Moreover, once a case has been remanded, a

second or successive removal on the same "grounds" as the first is generally forbidden. See <u>St. Paul & C. Ry. Co. v. McLean</u>, 2 S. Ct. 498, 500 (1883) ("we are of the opinion that a party is not entitled . . . to file a second petition for the removal [of an action] upon the same grounds [as the first removal], where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit . . . .").

**C. Conclusion and Order**

    Accordingly, in light of the above, the Court HEREBY ORDERS:

    1.    The Motions filed subsequent to the remand of this action to the state court are DISREGARDED.

IT IS SO ORDERED.

**Dated:**   **February 7, 2006**              /s/ Sandra M. Snyder
icido3                               UNITED STATES MAGISTRATE JUDGE