# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ALVIN RONNEL ROSS,

                 Plaintiff,

    v.

GUERRERO,

                 Defendant.

_____/

CV F   04 5673 OWW SMS P

ORDER DISREGARDING MOTION
REQUESTING COURT TO REISSUE ORDER
OF REMAND (Docs. 42.)

    Alvin Ronnel Ross ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On September 2, 2005, this Court remanded the case back to the State Court after having determined that the Complaint did not allege federal claims for relief.  (Doc. 37.)  The Case was terminated at that time.

    On June 29, 2006, Plaintiff filed a Motion requesting the Court reissue the Order of remand and issue an acknowledgment to state court.  Plaintiff states that he has contacted the state court but they have no record of his case.

    It is well-settled in the Ninth Circuit that once a case has been remanded, the district court is divested of jurisdiction and may take no further action in the case.  See Seedman v. United States Dist. Court, m, 414 (9th Cir. 1988) (*per curiam*) (*citations omitted*).  Under the removal statute, and subject to exceptions that are not relevant here, an order remanding an action "is not

review able on appeal or otherwise." 28 U.S.C. § 1447(d). The "or otherwise" language applies equally to the court that issued that remand order as to any appellate court. Thus, an order of remand "returns the case to the state courts and the federal court has no power to retrieve it." Seedman, 837 F.2d at 414 (*citation omitted*). Moreover, once a case has been remanded, a second or successive removal on the same "grounds" as the first is generally forbidden. See St. Paul & C. Ry. Co. v. McLean, 2 S. Ct. 498, 500 (1883) ("we are of the opinion that a party is not entitled . . . to file a second petition for the removal [of an action] upon the same grounds [as the first removal], where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit . . . .").

According to the Court docket, the state court was served with a copy of the Court's Order of Remand when the Order issued. Because the Court is divested of jurisdiction after remand, the Court can take no further action in this case. As noted above, this case was terminated upon the remand. Thus, any questions relating to this matter should be directed to the state court. The Court HEREBY ORDERS:

1.    The Motion filed on June 29, 2006, subsequent to the remand of this action to the state court is DISREGARDED. As this case is no longer active in this Court, all further motions filed will be STRICKEN from the record.


IT IS SO ORDERED.

**Dated:   February 22, 2007**             **/s/ Sandra M. Snyder**
icido3                                    UNITED STATES MAGISTRATE JUDGE

2